**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

AMYA SPARGER-WITHERS, on behalf of
herself and all others similarly situated,

*Plaintiff*,

v.

JOSHUA N. TAYLOR, in his personal
capacity and in his official capacity as civil-
forfeiture prosecutor;

THE BLACKFORD COUNTY
PROSECUTING ATTORNEY, in his official
capacity; THE DEARBORN AND OHIO
COUNTY PROSECUTING ATTORNEY, in
her official capacity; THE DECATUR
COUNTY PROSECUTING ATTORNEY, in
his official capacity; THE FAYETTE
COUNTY PROSECUTING ATTORNEY, in
her official capacity; THE FULTON
COUNTY PROSECUTING ATTORNEY, in
his official capacity; THE GRANT COUNTY
PROSECUTING ATTORNEY, in his official
capacity; THE HANCOCK COUNTY
PROSECUTING ATTORNEY, in his official
capacity; THE HARRISON COUNTY
PROSECUTING ATTORNEY, in his official
capacity; THE HENRY COUNTY
PROSECUTING ATTORNEY, in his official
capacity; THE MARSHALL COUNTY
PROSECUTING ATTORNEY, in his official
capacity; THE MIAMI COUNTY
PROSECUTING ATTORNEY, in his official
capacity; THE MORGAN COUNTY
PROSECUTING ATTORNEY, in his official
capacity; THE RUSH COUNTY
PROSECUTING ATTORNEY, in his official
capacity; THE SHELBY COUNTY
PROSECUTING ATTORNEY, in his official
capacity; THE STARKE COUNTY
PROSECUTING ATTORNEY, in her official
capacity; and THE WABASH COUNTY

Case No. 1:21-cv-2824

CLASS ACTION

PROSECUTING ATTORNEY, in his official capacity,

*Defendants.*

---

## CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.      This class-action civil-rights lawsuit seeks to vindicate the rights of people who have been (or will be) named as defendants in profit-fueled civil-forfeiture actions. Unlike in every other State in the nation, hundreds of civil-forfeiture cases in Indiana are prosecuted, not by publicly accountable government lawyers, but by private attorneys on a contingency-fee basis. In these cases, the private prosecutor stands to make money if the State wins. The private prosecutor does not make money (and may even lose money) if the State loses. This system gives the prosecutor a personal financial stake, not in seeing that justice is done, but in forfeiting as much property as possible. In this way, the system skews the prosecutor's incentive away from stewarding the public trust and towards maximizing their personal financial gain. A system that operates in this way breaks at a bedrock level with the Fourteenth Amendment's Due Process Clause. This lawsuit seeks individual and class-wide relief against one of Indiana's most prolific contingency-fee forfeiture prosecutors in the form of declaratory and injunctive relief eliminating his personal financial stake in the cases he prosecutes.

### JURISDICTION AND VENUE

2.      This is a civil-rights case brought under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

3.      This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (b)(2).

## PARTIES

5.      Plaintiff Amya Sparger-Withers is a United States citizen and resident of Indiana.

6.      Defendant Joshua N. Taylor is an attorney at the law firm of RileyCate, LLC, located in Fishers, Indiana. Taylor acts under color of state law in representing the State of Indiana and other government actors in prosecuting civil-forfeiture actions brought under Title 34, Article 24 of the Indiana Code. Taylor prosecutes those civil-forfeiture actions on a contingency-fee basis under which he receives up to thirty percent of the money or proceeds of property forfeited. Because Taylor is acting in an official capacity but in a way that implicates his personal capacity, he is named in both his official and personal capacities.

7.      Defendants Blackford County Prosecuting Attorney, Dearborn and Ohio County Prosecuting Attorney, Decatur County Prosecuting Attorney, Fayette County Prosecuting Attorney, Fulton County Prosecuting Attorney, Grant County Prosecuting Attorney, Hancock County Prosecuting Attorney, Harrison County Prosecuting Attorney, Henry County Prosecuting Attorney, Marshall County Prosecuting Attorney, Miami County Prosecuting Attorney, Morgan County Prosecuting Attorney, Rush County Prosecuting Attorney, Shelby County Prosecuting Attorney, Starke County Prosecuting Attorney, and Wabash County Prosecuting Attorney all are parties to contracts with Defendant Joshua N. Taylor whose contingency-fee provisions would be impaired by the relief requested in this Complaint. They are named as Defendants in their official capacities only.

**FACTUAL ALLEGATIONS**

**A.    INDIANA'S CIVIL-FORFEITURE LAW**

8.      Like many States, Indiana has a civil-forfeiture regime under which the State can sue to confiscate property linked to certain crimes. Ind. Code § 34-24-1-1 *et seq.*; Ind. Code § 34-24-2-1 *et seq.* Often, the State need not show that the property's owner is guilty of any wrongdoing, only that his or her property has a connection to a crime. "Civil forfeiture," in the Indiana Supreme Court's words, "is a device, a legal fiction, authorizing legal action against inanimate objects for participation in alleged criminal activity, regardless of whether the property owner is proven guilty of a crime—or even charged with a crime." *Serrano v. State*, 946 N.E.2d 1139, 1140 (Ind. 2011).

9.      The system is both "punitive and profitable." *State v. Timbs*, 134 N.E.3d 12, 21 (Ind. 2019). It is "punitive for those whose property is confiscated; and profitable for the government, which takes ownership of the property." *Id.*

10.      Also as in many States, civil forfeiture in Indiana is vulnerable to abuse. The Indiana Supreme Court, for example, has characterized "the way Indiana carries out civil forfeitures" as "concerning." *Id.* at 31; *see also id.* at 33 (commenting on "the widened use of aggressive *in rem* forfeiture practices" nationwide). Individual members of that court likewise have noted "overreach"; have likened civil forfeiture to a "law enforcement Weapon[] of Mass Destruction," *Sargent v. State*, 27 N.E.3d 729, 735 (Ind. 2015) (Massa, J., dissenting); and have voiced "serious concerns with the way Indiana carries out civil forfeitures," *Horner v. Curry*, 125 N.E.3d 584, 612 (Ind. 2019) (Slaughter, J., concurring in the judgment).

11.      In one respect, however, Indiana is unique among all the States: For decades, Indiana prosecutors have outsourced civil-forfeiture cases to private lawyers on a contingency-fee basis.

12.     Indiana's contingency-fee forfeiture system is notoriously flawed.

13.     A leading treatise on civil forfeiture, for example, refers to Indiana's law as an "institutionalized bounty hunter system" and describes it as a "scandal." David B. Smith, *Prosecution and Defense of Forfeiture Cases* ¶ 1.01, at 1-13 (2018).

14.     In fact, private lawyers at times prosecute civil-forfeiture cases in some counties and defend them in others. Defendant Joshua N. Taylor, for instance, serves as the contingency-fee forfeiture prosecutor in Hancock County. At the same time, however, he sometimes serves as defense counsel in civil-forfeiture cases in neighboring Marion County.

15.     The system has led to at least one instance of attorney discipline. In 2011, the prosecuting attorney for Delaware County had his license suspended for having abdicated "his duties as a public official" in service of "his private interest in his continued pursuit of forfeiture property." *In re McKinney*, 948 N.E.2d 1154, 1155-56 (Ind. 2011) (per curiam). That incident has since made its way into a leading legal-ethics casebook.

16.     In 2018, the Indiana General Assembly doubled down; it codified the contingency-fee system into statutory law.

17.     As amended, Indiana's civil-forfeiture statute now provides explicitly that county prosecuting attorneys "may retain an attorney to bring an action under this chapter." Ind. Code § 34-24-1-8(a).

18.     Lawyers hired under Section 34-24-1-8 cannot themselves be public prosecutors. *Id.* § 34-24-1-8(c).

19.     In addition, these private lawyers can be compensated *only* through contingency-fee agreements. *Id.* § 34-24-1-8(e).

20.     Under these contingency-fee agreements, the private lawyer may receive up to a one-third contingency fee for prosecuting a civil-forfeiture case.

21.     By statute, the contingency fees are limited as follows:

a.     The contingency fee may not exceed thirty-three and one-third percent of the first ten thousand dollars of proceeds or money obtained under a settlement or judgment.

b.     The contingency fee may not exceed twenty percent of the part of the proceeds or money obtained under a settlement or judgment that is more than ten thousand dollars and less than one hundred thousand dollars.

c.     The contingency fee may not exceed fifteen percent of the part of the proceeds or money obtained under a settlement or judgment that is one hundred thousand dollars or more.

d.     The contingency-fee agreement may establish a minimum fee that does not exceed one hundred dollars.

*Id*.

22.     On information and belief, no other State in the nation currently authorizes state-law forfeitures to be prosecuted by private contingency-fee lawyers.

23.     For a time, certain jurisdictions in one other State—Georgia—retained private lawyers to prosecute civil-forfeiture actions on a contingency-fee basis. In 2012, however, the Georgia Court of Appeals held those arrangements "repugnant" and "void as against Georgia public policy" because they gave private attorneys a personal financial stake in forfeiture actions. Around the same time, the Georgia General Assembly likewise provided that privately retained

attorneys "shall not be compensated on a contingent basis by a percentage of assets which arise or are realized from such forfeiture action."

> **B.   INDIANA'S CONTINGENCY-FEE PROSECUTORS**

24.     On information and belief, around thirty-five of Indiana's counties currently farm out their civil-forfeiture cases to private contingency-fee lawyers.

25.     Historically, these contingency-fee arrangements have gone to well-connected attorneys.

26.     The most famous beneficiary of contingency-fee forfeitures has been the Garrison Law Firm. As early as 1990, "[m]ost officials credit[ed] the incredible growth spurt in forfeitures to the persistent efforts of J. Gregory Garrison." Kyle Niederpruem & George McLaren, *Police profiting by seizures from suspects*, Indianapolis Star (May 2, 1990), at A-8. Before J. Gregory Garrison retired in 2019, he made millions of dollars off contingency-fee forfeitures.

27.     Since J. Gregory Garrison's retirement, his colleague Defendant Joshua N. Taylor has stepped into his shoes, taking over most of Garrison's contingency-fee forfeiture work.

28.     On information and belief, Defendant Joshua N. Taylor was an employee of the Garrison Law Firm from approximately 2010 to late 2019. During that period, he worked with J. Gregory Garrison in prosecuting hundreds of civil-forfeiture actions across the State of Indiana on a contingency-fee basis.

29.     With J. Gregory Garrison's retirement, Defendant Joshua N. Taylor is now (on information and belief) one of the most prolific contingency-fee forfeiture prosecutors in the State of Indiana.

30.     Defendant Joshua N. Taylor is currently responsible for prosecuting civil-forfeiture cases in at least sixteen Indiana counties.

31.     Defendant Joshua N. Taylor's firm biography boasts of his having "recovered over $1,000,000 in asset forfeiture for the State of Indiana."

### C.     INDIANA'S CONTINGENCY-FEE ARRANGEMENTS SYSTEMATICALLY SKEW PRIVATE PROSECUTORS' INCENTIVES TOWARD PERSONAL FINANCIAL GAIN AND AWAY FROM THE PUBLIC TRUST.

32.     Contingency-fee prosecutors like Defendant Joshua N. Taylor are state actors and acting under color of state law when they prosecute civil-forfeiture actions on behalf of the State of Indiana and other government actors.

33.     On information and belief, the contingency-fee agreements governing Defendant Joshua N. Taylor's forfeiture prosecutions provide that his duties include the drafting and filing of post-seizure probable-cause affidavits; the drafting and filing of the complaint and all required subsequent pleadings; the taking of depositions and other discovery; attendance at pretrial conferences, hearings, and trial; and the drafting of any settlement contracts.

34.     In addition, Defendant Joshua N. Taylor enjoys plenary authority to settle the civil-forfeiture actions he prosecutes. On information and belief, the contingency-fee agreements governing Taylor's civil-forfeiture prosecutions provide:

> Decisions to enter into a settlement agreement to share assets to be declared forfeit with the individual from whom the assets were seized and decisions to proceed to trial will be made by Counsel and may be made without consulting the Prosecuting Attorney.

35.     Under Indiana Code § 34-24-1-8(e) and Defendant Joshua N. Taylor's contingency-fee agreements, Taylor also stands to profit personally if the State wins a civil-forfeiture action he prosecutes.

36.     On information and belief, the contingency-fee agreements governing Defendant Joshua N. Taylor's civil-forfeiture prosecutions provide:

> Counsel's fees for performance under this Contract is by contingency fee and is limited as follows:

a.  To thirty percent (30%) of the first ten thousand ($10,000.00) dollars of the proceeds or money obtained under a settlement Contract or judgment;

b.  To thirty percent (30%) of the proceeds or money obtained under a settlement Contract or judgment in a case filed pursuant to Ind. Code ch. 34-24-2;

c.  To twenty (20%) percent of the part of the proceeds or money obtained under a settlement or judgment that is more than ten thousand ($10,000.00) dollars and less than one hundred thousand ($100,000.00) dollars;

d.  To fifteen (15%) percent of the part of the proceeds or money obtained under a settlement or judgment that is in excess of one hundred thousand ($100,000.00) dollars or more; and,

The Parties may seek leave of court for an authorization to exceed the contingency fee limits of subparagraphs 4a, 4c, and 4d, if the Parties believe the issues presented in a particular forfeiture action are unusually complex or time consuming as compared with other forfeiture actions.

37.     By contrast, Defendant Joshua N. Taylor does not stand to profit personally when the State (or other government plaintiff) loses a civil-forfeiture action he prosecutes.

38.     Under Indiana Code § 34-24-1-8(e) and Defendant Joshua N. Taylor's contingency-fee agreements, Taylor is not entitled to any compensation in civil-forfeiture actions where the State (or other government plaintiff) does not secure some or all of a defendant's property through a judgment or settlement.

39.     On information and belief, in fact, Defendant Joshua N. Taylor stands to *lose* money in cases where the State (or other government plaintiff) does not secure some or all of a defendant's property through a judgment or settlement.

40.     On information and belief, the contingency-fee agreements governing Defendant Joshua N. Taylor's civil-forfeiture prosecutions provide:

All expenses in the preparation and trial of a forfeiture action, including, but not limited to photocopies, fax costs, special postage, court costs, pictures, witness fees, travel expenses, and deposition costs, will be paid

> from the proceeds of a settlement or judgment. Counsel shall advance
> these costs as the case progresses and if a judgment or settlement declaring
> seized property [forfeited] is not obtained, the Prosecuting Attorney may,
> but is not required to reimburse advances paid.

41.    On information and belief, the contingency-fee agreements governing Defendant

Joshua N. Taylor's civil-forfeiture prosecutions further provide that he is personally liable (for

himself and for the State) for any claims arising out of forfeiture actions he prosecutes:

> Counsel agrees to indemnify, defend, and hold harmless the Prosecuting
> Attorney and the State of Indiana, its agents, officials, and employees from
> all third party claims and suits including court costs, attorney's fees, and
> other expenses caused by any act or omission of Counsel in the
> performance of this Contract. Neither the State nor the Prosecuting
> Attorney shall provide indemnification to Counsel.

42.    Defendant Joshua N. Taylor is even potentially liable for simple negligence. On

information and belief, the contingency-fee agreements governing his civil-forfeiture

prosecutions provide that he "shall be and remain liable in accordance with applicable law for all

damages caused by Counsel's negligent performance of any of the Legal Services furnished

under this Contract."

43.    In short—and unlike prosecutors in virtually every other corner of the justice

system—Defendant Joshua N. Taylor faces the potential for personal financial liability arising

from his prosecution of civil-forfeiture actions.

44.    Also unlike prosecutors in virtually every other corner of the justice system,

Defendant Joshua N. Taylor stands to profit personally from his prosecution of civil-forfeiture

actions.

45.    In fact, officials have touted that personal financial incentive as a virtue, not a

vice, of Indiana's civil-forfeiture laws. In 2010, then-Marion County Prosecuting Attorney Carl

Brizzi justified farming out cases to Defendant Joshua N. Taylor's mentor, J. Gregory Garrison,

on the ground that "[h]e doesn't get paid unless the state gets paid, so obviously he's motivated

to do the best job he can." Heather Gillers et al., *Cashing in on crime: Indiana law allows prosecutors to farm out forfeiture cases to private lawyers—who get a cut of the money*, Indianapolis Star (Nov. 14, 2010), at A13.

46.    Indiana Code § 34-24-1-8(e) and Defendant Joshua N. Taylor's contingency-fee agreements thus systematically incentivize Taylor to prosecute civil-forfeiture actions in ways that maximize his personal financial gain.

## INJURY TO NAMED PLAINTIFF

47.    On or around January 29, 2021, officers of the McCordsville Police Department seized United States currency from Plaintiff Amya Sparger-Withers.

48.    On or around February 1, 2021, the State of Indiana filed a forfeiture action under Indiana Code ch. 34-24-1 in the Superior Court of Hancock County, Indiana, seeking to forfeit the currency seized from Plaintiff Amya Sparger-Withers. That case is currently captioned *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*, No. 30D01-2102-MI-152.

49.    Defendant Joshua N. Taylor represents the State of Indiana in prosecuting *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*.

50.    On information and belief, Defendant Joshua N. Taylor is prosecuting *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency* on a contingency-fee basis.

51.    On information and belief, Defendant Joshua N. Taylor's representation of the State of Indiana in *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency* is governed by Indiana Code § 34-24-1-8 and a contingency-fee agreement with the Hancock County Prosecuting Attorney.

52.    On information and belief, a true and correct copy of the contingency-fee agreement between Defendant Joshua N. Taylor and the Hancock County Prosecuting Attorney is attached to this Complaint as Exhibit 1.

53.     On information and belief, Defendant Joshua N. Taylor stands to profit personally from his prosecution of *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*.

54.     On information and belief, Defendant Joshua N. Taylor will be personally entitled to receive thirty percent of any money obtained by the State of Indiana under a settlement contract or judgment in *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*.

55.     If, for example, the State of Indiana were to prevail on the merits in *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*, Defendant Joshua N. Taylor would be personally entitled to around $1,828.80 of the money forfeited from Plaintiff Sparger-Withers.

56.     If the State of Indiana were to settle *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*, Defendant Joshua N. Taylor would likewise be entitled to thirty percent of the money the State of Indiana obtains through that settlement.

57.     If, however, the State of Indiana does not win *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*, Defendant Joshua N. Taylor will not be personally entitled to receive any money.

58.     If the State of Indiana does not win *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*, Defendant Joshua N. Taylor may even lose money, in the form of unreimbursed expenses and in terms of the opportunity costs of devoting time to prosecuting a case in which he does not earn revenue.

59.     In these ways, Indiana Code § 34-24-1-8(e) and related contingency-fee agreements skew Defendant Joshua N. Taylor's incentives in prosecuting *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency* away from impartially stewarding the public trust and towards maximizing his personal financial gain.

60.     A prosecutor's interest in maximizing his personal financial gain is not a relevant or permissible factor in the prosecutorial decisionmaking process.

61.     As the defendant in *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*, Plaintiff Sparger-Withers has the right under the Fourteenth Amendment's Due Process Clause not to be subject to prosecution under a law that systematically injects personal financial considerations into the prosecutor's decisionmaking.

62.     Indiana Code § 34-24-1-8(e) and related contingency-fee agreements systematically inject personal financial considerations into Defendant Joshua N. Taylor's decisionmaking as the prosecuting attorney in *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*.

63.     Plaintiff Sparger-Withers is harmed by that systematic injection of personal financial considerations into Defendant Joshua N. Taylor's decisionmaking as the prosecuting attorney in *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*.

64.     Even if Defendant Joshua N. Taylor's private contractual arrangements with his law firm (RileyCate, LLC) govern the assignment or internal distribution of contingency fees he earns from prosecuting civil-forfeiture cases, Indiana Code § 34-24-1-8(e) and his related contingency-fee agreements still systematically inject personal financial considerations into his prosecutorial decisionmaking in civil-forfeiture cases in a way that violates Plaintiff Sparger-Withers's rights under the Fourteenth Amendment's Due Process Clause.

65.     Plaintiff Sparger-Withers does not ask this Court to enjoin the State of Indiana from proceeding with its prosecution of *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*.

66.     Nor does Plaintiff Sparger-Withers ask this Court to dictate the ultimate merits outcome of *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*.

67.     Nor, for that matter, does Plaintiff Sparger-Withers ask this Court to enjoin Defendant Joshua N. Taylor specifically from representing the State in *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*.

68.     Rather, Plaintiff Sparger-Withers asks this Court simply to declare invalid and eliminate Defendant Joshua N. Taylor's personal financial stake in the forfeiture actions he prosecutes, including *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*.

## CLASS-ACTION ALLEGATIONS

69.     Plaintiff seeks to maintain this action on behalf of herself and all others similarly situated under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

70.     Plaintiff proposes the following class definition: "All persons who are or will be named as defendants in civil-forfeiture actions (a) brought under Title 34, Article 24 of the Indiana Code and (b) in which Joshua N. Taylor represents the State of Indiana or any other government plaintiff."

71.     This action meets all the Rule 23(a) prerequisites for maintaining a class action.

72.     ***Numerosity under Rule 23(a)(1)***: The putative class is so numerous that joinder of all members is impracticable:

      a.     On information and belief, Defendant Joshua N. Taylor has served as a contingency-fee prosecutor in at least 80 civil-forfeiture actions filed in 2021 alone, including at least 74 filed under Indiana Code ch. 34-24-1 and at least 6 filed under Indiana Code ch. 34-24-2.

      b.     On information and belief, Defendant Joshua N. Taylor served as a contingency-fee prosecutor in at least 103 civil-forfeiture actions filed in

-14-

2020 alone, including at least 87 filed under Indiana Code ch. 34-24-1 and at least 16 filed under Indiana Code ch. 34-24-2.

c.    On information and belief, Defendant Joshua N. Taylor served as a contingency-fee prosecutor in at least 114 civil-forfeiture actions filed in 2019 alone, including at least 97 filed under Indiana Code ch. 34-24-1 and at least 17 filed under Indiana Code ch. 34-24-2.

d.    On information and belief, at least 113 persons are presently defendants in pending civil-forfeiture actions in which Defendant Joshua N. Taylor serves as contingency-fee prosecutor. Hundreds—or even thousands— more persons will likely be named as defendants in future civil-forfeiture actions in which Taylor will serve as contingency-fee prosecutor.

73.    ***Commonality under Rule 23(a)(2)***: This action presents questions of law and fact common to the putative class, resolution of which will not require individualized determinations of the circumstances of any particular plaintiff. The primary question, common to all class members, is: Whether giving a civil-forfeiture prosecutor a personal financial stake in the cases he prosecutes violates the Fourteenth Amendment rights of defendants in those cases.

74.    ***Typicality under Rule 23(a)(3)***: Plaintiff's claim is typical of the claims of the putative class:

a.    Plaintiff's claim and the putative class members' claims arise out of the same course of conduct by Defendant Joshua N. Taylor, are based on the same legal theories, and involve the same harms.

b.    Plaintiff seeks the same class-wide declaratory and injunctive relief for both herself and other members of the putative class.

75.    ***Adequacy of representation under Rule 23(a)(4)***: The interests of the putative class are fairly and adequately protected by Plaintiff and her attorneys:

a.    Plaintiff adequately represents the putative class because their interests are aligned and there are no conflicts of interest between Plaintiff and members of the putative class.

b.    Plaintiff and the putative class are ably represented by the Institute for Justice. The Institute for Justice is a nonprofit, public-interest law firm that, since its founding in 1991, has litigated constitutional issues nationwide. The Institute for Justice has litigated numerous federal class actions and putative class actions, including against Philadelphia (*Sourovelis v. City of Philadelphia*, No. 14-cv-4687, 2021 WL 344598, at *1 (E.D. Pa. Jan. 28, 2021) (appointing the Institute for Justice as Class Counsel and approving federal consent decree in challenge to civil-forfeiture procedures)); against New York City (*Cho v. City of New York*, No. 16-cv-7961 (S.D.N.Y. Oct. 2, 2020) (ECF 111) (approving settlement of a putative class action, under which New York City agreed not to enforce agreements extracted through coercive property seizures)); against Pagedale, Missouri (*Whitner v. City of Pagedale*, No. 15-cv-1655 (E.D. Mo. May 21, 2018) (ECF 116) (approving federal consent decree prohibiting abusive ticketing practices)); and against the federal government (*Snitko v. United States*, No. 21-cv-4405 (C.D. Cal. Oct. 12, 2021) (ECF 78) (certifying class of property owners challenging FBI searches and seizures as unlawful)). Further, the Institute for Justice has

particular expertise in litigating issues involving civil forfeiture; Institute for Justice attorneys (including one of the more senior attorneys listed below) have been counsel in almost every civil-forfeiture-related appeal decided by the Indiana Supreme Court in recent years. *Abbott v. State*, No. 21S-PL-347 (Ind., oral arg. Dec. 9, 2021); *State v. Timbs*, 169 N.E.3d 361 (Ind. 2021); *State v. Timbs*, 134 N.E.3d 12 (Ind. 2019); *Horner v. Curry*, 125 N.E.3d 584 (Ind. 2019). They also represented the petitioner before the U.S. Supreme Court in the forfeiture case *Timbs v. Indiana*, 139 S. Ct. 682 (2019). Co-counsel at McNeelyLaw LLP also ably served as local counsel in *Horner* and in the state-court proceedings in *Timbs*.

76.     This action also meets the requirements of, and is brought in accordance with, Rule 23(b)(2) of the Federal Rules of Civil Procedure. Defendant Joshua N. Taylor has acted, or refused to act, on grounds generally applicable to the putative class. Final injunctive and declaratory relief is appropriate with respect to all the members of the class.

77.     Lastly, insofar as a Rule 23(b)(2) class must be ascertainable, this action satisfies that requirement. Similarly, while notice is not required for class actions brought under Rule 23(b)(2), public records contain contact information for members of the class who are currently defendants in forfeiture actions prosecuted by Defendant Joshua N. Taylor, and notice could be provided to those persons to the extent the Court determines it is appropriate.

### COUNT I
### 42 U.S.C. § 1983
### UNLAWFUL PROFIT INCENTIVE
### IN VIOLATION OF THE FOURTEENTH AMENDMENT
### On Behalf of Plaintiff Amya Sparger-Withers Individually and On Behalf of the Class

78.     Paragraphs 1-77 are hereby incorporated by reference.

79.     The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution requires that criminal prosecutions (and proceedings such as civil-forfeiture actions) be neutral, objective, and pursued solely in the public interest.

80.     It is a violation of the Due Process Clause for a prosecutor to have a personal financial stake in the case being prosecuted.

81.     Indiana Code § 34-24-1-8(e) and Defendant Joshua N. Taylor's contingency-fee agreements give Taylor a personal financial stake in the civil-forfeiture actions he prosecutes.

82.     That personal financial interest systematically distorts Defendant Joshua N. Taylor's exercise of prosecutorial discretion.

83.     That personal financial interest creates a systematic incentive for Defendant Joshua N. Taylor to obtain forfeiture judgments with less regard to the equities, justice, or facts of a given case.

84.     That personal financial interest creates a systematic incentive for Defendant Joshua N. Taylor to obtain forfeiture judgments with less regard to the stringent ethical responsibilities of publicly accountable prosecutors.

85.     Defendant Joshua N. Taylor's personal financial interest, and resulting conflict of interest with the State's public trust, is so severe that considerations of subjective bad faith are irrelevant.

86.     Even if Defendant Joshua N. Taylor's private contractual arrangements with his law firm (RileyCate, LLC) govern the assignment or internal distribution of contingency fees he earns from prosecuting civil-forfeiture cases, Indiana Code § 34-24-1-8(e) and his related contingency-fee agreements still systematically inject personal financial considerations into his

prosecutorial decisionmaking in civil-forfeiture cases in a way that violates the Fourteenth Amendment's Due Process Clause.

87.    Indiana Code § 34-24-1-8(e) and Defendant Joshua N. Taylor's contingency-fee agreements give Taylor a personal financial interest in the civil-forfeiture actions he prosecutes that is unconstitutional under the Fourteenth Amendment's Due Process Clause and that violates Plaintiff Sparger-Withers's rights under that Clause.

88.    Indiana Code § 34-24-1-8(e) and Defendant Joshua N. Taylor's contingency-fee agreements give Taylor a personal financial interest in the civil-forfeiture actions he prosecutes that is unconstitutional under the Fourteenth Amendment's Due Process Clause and that violates the putative class members' rights under that Clause.

89.    Declaratory and injunctive relief is necessary to remedy these constitutional violations. Without appropriate declaratory and injunctive relief, Defendant Joshua N. Taylor's unconstitutional practices will continue.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

A.    Certify this case as a class action under Federal Rule of Civil Procedure 23(b)(2) on behalf of: All persons who are or will be named as defendants in civil-forfeiture actions (a) brought under Title 34, Article 24 of the Indiana Code and (b) in which Joshua N. Taylor represents the State of Indiana or any other government plaintiff;

B.    Designate Plaintiff Amya Sparger-Withers as Class Representative for the proposed class;

C.    Designate Plaintiff's counsel of record as Class Counsel for the proposed class;

D.    Issue a class-wide declaratory judgment declaring that:

      i.      Indiana Code § 34-24-1-8(e) and the contingency-fee provisions of Defendant Joshua N. Taylor's forfeiture-prosecution contracts violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution; and

      ii.     it is unconstitutional under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution for Defendant Joshua N. Taylor to accept compensation for prosecuting any civil-forfeiture action under Title 34, Article 24 of the Indiana Code that is contingent upon the outcome of any civil-forfeiture action under Title 34, Article 24 of the Indiana Code.

E.      Issue a class-wide permanent injunction, for the proposed class, enjoining Defendant Joshua N. Taylor (and his officers, agents, servants, employees, and attorneys and all other persons in active concert or participation with him) from:

      i.      accepting compensation pursuant to Indiana Code § 34-24-1-8(e) or any contingency-fee agreement implementing Indiana Code § 34-24-1-8(e); and

      ii.     accepting compensation for prosecuting any civil-forfeiture action under Title 34, Article 24 of the Indiana Code that is contingent upon the outcome of any civil-forfeiture action under Title 34, Article 24 of the Indiana Code.

F.      Issue a declaratory judgment in favor of Plaintiff Amya Sparger-Withers declaring that:

      i.      Indiana Code § 34-24-1-8(e) and the contingency-fee provisions of Defendant Joshua N. Taylor's forfeiture-prosecution contracts violate the

Due Process Clause of the Fourteenth Amendment to the U.S. Constitution; and

    ii.    it is unconstitutional under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution for Defendant Joshua N. Taylor to accept compensation for prosecuting *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*, No. 30D01-2102-MI-152, that is contingent upon the outcome of *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*, No. 30D01-2102-MI-152.

G.    Issue a permanent injunction in favor of Plaintiff Amya Sparger-Withers enjoining Defendant Joshua N. Taylor (and his officers, agents, servants, employees, and attorneys and all other persons in active concert or participation with him) from accepting compensation for prosecuting *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*, No. 30D01-2102-MI-152, that is contingent upon the outcome of *State of Indiana v. Amya A. Sparger and $6,096.00 in US Currency*, No. 30D01-2102-MI-152;

H.    Award attorneys' fees, costs, and expenses under 42 U.S.C. § 1988 and any other applicable statute or rule, or in equity; and

I.    Award any further legal and equitable relief the Court may deem just and proper.

Dated: November 10, 2021.

s/Anthony B. Sanders
Anthony B. Sanders
INSTITUTE FOR JUSTICE
Renaissance Square
520 Nicollet Mall, Suite 550
Minneapolis, MN 55402
Telephone: 612.435.3451
Facsimile:  612.435.5875
Email: asanders@ij.org

Respectfully submitted,

Samuel B. Gedge*
Michael N. Greenberg*
Robert M. Belden*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Telephone: 703.682.9320
Facsimile:  703.682.9321
E-mail:    sgedge@ij.org
            mgreenberg@ij.org
            rbelden@ij.org

*Pro hac vice motion to be filed

J. Lee McNeely, IN Atty. No. 9542-73
Cynthia A. Bedrick, IN Atty. No. 21547-49
Scott A. Milkey, IN Atty. No. 32070-49
MCNEELYLAW LLP
2177 Intelliplex Drive, Suite 251
Shelbyville, IN 46176
Phone: (317) 825-5110
Fax:    (317) 825-5109
E-mail: LMcNeely@McNeelyLaw.com
            CBedrick@McNeelyLaw.com
            SMilkey@McNeelyLaw.com