UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AMYA SPARGER-WITHERS on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:21-cv-02824-JRS-MG |
| JOSHUA N. TAYLOR in his personal capacity and in his official capacity as civil-forfeiture prosecutor, BLACKFORD COUNTY PROSECUTING ATTORNEY in his official capacity, DEARBORN AND OHIO COUNTY PROSECUTING ATTORNEY in her official capacity, DECATUR COUNTY PROSECUTING ATTORNEY in his official capacity, FAYETTE COUNTY PROSECUTING ATTORNEY in her official capacity, FULTON COUNTY PROSECUTING ATTORNEY in his official capacity, GRANT COUNTY PROSECUTING ATTORNEY in his official capacity, HANCOCK COUNTY PROSECUTING ATTORNEY in his official capacity, HARRISON COUNTY PROSECUTING ATTORNEY in his official capacity, HENRY COUNTY PROSECUTING ATTORNEY in his official capacity, MARSHALL COUNTY PROSECUTING ATTORNEY in his official capacity, MIAMI COUNTY PROSECUTING ATTORNEY in his official capacity, MORGAN COUNTY PROSECUTING ATTORNEY in his official capacity, RUSH COUNTY PROSECUTING ATTORNEY in his official capacity, SHELBY COUNTY PROSECUTING ATTORNEY in his official capacity, STARKE COUNTY PROSECUTING ATTORNEY in her official capacity, WABASH COUNTY PROSECUTING ATTORNEY in his official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Before the Court is Defendants' Motion to Stay Discovery Pending the Resolution of Defendants' Motion to Dismiss, [Filing No. 61], and Defendants' Motion for Extension of Time to Respond to Plaintiff's Discovery Requests, [Filing No. 77.] For the reasons set forth below, Defendants' Motion to Stay is **GRANTED**, and Defendants' Motion for Extension of Time is **DENIED as moot.**

**I.**
**BACKGROUND**

Plaintiff Anya Sparger-Withers filed her this putative class action for declaratory and injunctive relief on November 10, 2021, alleging attorney Joshua Taylor's prosecution of civil forfeiture cases constitutes a violation of 42 U.S.C. §1983. [Filing No. 1.] Taylor was named as a defendant in his official and personal capacities, along with sixteen counties he represents in civil forfeiture actions throughout Indiana.

Defendants collectively filed their motion to dismiss on January 3, 2022. [Filing No. 46.] In an initial pretrial conference held on February 8, 2022, Defendants requested this Court delay the entry of a case management plan until the resolution of the motion to dismiss. This Court denied Defendants' request at the conference and entered the case management plan. Defendants then filed the instant request for the Court to enter an order staying discovery until the resolution of the motion to dismiss. [Filing No. 61.] On April 1, 2022 Defendants filed a Motion for Extension of Time to Respond to Plaintiff's Discovery Requests. [Filing No. 77.] The Defendants' Motion to Dismiss is now fully briefed.

## II.
## DISCUSSION

As grounds for dismissal, the Defendants' Motion to Dismiss argues Plaintiff does not suffer a redressable injury and Plaintiff's lack of standing to bring her claim. [Filing No. 47.] Defendants' Motion to Stay is premised on their confidence that their motion to dismiss will be granted, addressing the dispositive legal issues in the motion to dismiss will require no discovery, and the burden of litigation would be reduced on Defendant Taylor because he has been served with a request for production and a stay would relieve disclosure of personal and private financial documents. [Filing No. 61 at 3.] Defendants further request an extension of time to respond to Plaintiff's discovery requests, requesting a 10-day extension to respond from the date if this Court denies either the pending motion to stay or motion to dismiss. [Filing No. 77 at 2.] This Court will first address the Defendants' Motion to Stay.

### A. Motion to Stay

Plaintiff contends that a stay of discovery will cause harm to the class, arguing Defendant Taylor would be given more opportunity to violate the constitutional rights of more class members, and against those harms, that the issues would not be simplified. [Filing No. 64 at 1-3.] Plaintiff argues that Defendants' assertion that "the burden of litigation will undoubtedly be reduced" by staying discovery, is simply an unsupported and broad statement that does not establish good cause and they will be prejudice by creating a delay in trial preparation. [Filing No. 65 at 5-6.] Additionally, while Defendants have argued that a finding in their favor for the motion to dismiss would certainly simplify the case, Plaintiff argues that a pending motion to dismiss does not typically warrant a stay. [Filing No. 64 at 7.]

Defendants reply that good cause exists due to Plaintiff seeking irrelevant personal and financial discovery from Defendant Taylor, and the issues can be simplified if the motion to dismiss is granted to Defendants, reducing the burden of litigation. [Filing No. 65 at 1.] Similarly, Defendants argue that Plaintiff cannot argue imminent harm, as she could have sought injunctive relief, enjoining the State from proceeding with its prosecutions or enjoining Defendant Taylor from representing the State in such actions until the resolution of this issue. Defendants argue that if such harm was imminent, Plaintiff could have requested alternative relief. [Filing No. 65 at 2.]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A court may limit the scope and timing of discovery through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c), (d). District courts have an important and inherent authority and obligation to control their calendars and ensure that litigation proceeds expeditiously. *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *see also* Fed. R. Civ. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

District courts have "extremely broad discretion" in deciding whether a stay should issue. *U.S. ex rel. Robinson v. Indiana University Health, Inc.*, 2015 WL 3961221, at *1. Although such stays are sometimes granted, a party has no right to a stay, and the party seeking a stay bears the burden of proving that the Court should exercise its discretion to stay all or a portion of the case. *See Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009). "Filing a motion to dismiss does not automatically stay discovery." *Red Barn Motors, Inc. v. Cox Enters., Inc.*, 2016

WL 1731328, at *2 (S.D. Ind. May 2, 2016). As a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Id.* at *3. And "courts disfavor stays of discovery because they bring resolution of the dispute to a standstill." *Am. Senior Communities, LLC v. Burkhart*, 2019 WL 415614, at *2-3 (S.D. Ind. Feb. 1, 2019) (alternation and internal quotation marks omitted).

Whether to grant a stay of discovery is a matter within the Court's broad discretion. While the present case presents a close question, the Court finds a stay is appropriate. The defect cited in the motion to dismiss, lack of standing, is a "threshold" issue that justifies granting a stay in this instance. *Robinson*, 2015 WL 3961221, at *7. The prospect of the pending motion to dismiss resolving this case in its entirety is higher than a motion to dismiss that raises several dispositive legal issues but does not raise any "threshold" issues such as standing, jurisdiction, or qualified immunity. *Id.*

In addition, the dispositive motion in this case is now fully briefed, and the only possible prejudice to Plaintiff from a stay is a relatively short delay in commencing discovery while the motion pends before the Court. The current case management plan sets a discovery deadline of September 9, 2022; that date will be adjusted, if necessary, to allow adequate time for discovery after the motion to dismiss is ruled on. [Filing No. 58.]

   **B.**  **Motion for Extension of Time**

Because this Court grants the Defendants' Motion to Stay Discovery through the ruling of the pending motion to dismiss, Defendants' Motion for Extension of Time is **DENIED as moot.** As noted above, the discovery deadline will be adjusted, if necessary, after the Court rules on the pending motion to dismiss.

## III.
### CONCLUSION

For the foregoing reasons, Defendants' Motion to Discovery Pending the Resolution of Defendants' Motion to Dismiss, [61], is **GRANTED** and Defendants' Motion for Extension of Time to Respond to Plaintiffs' Discovery Requests, [77], is **DENIED as moot.** All discovery is stayed pending a ruling on Defendants' Motion to Dismiss.

Date: 4/21/2022

_____
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**